UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNIE C.,

　　　　　　　　　Plaintiff,

　　v.

COMMISSIONER OF SOCIAL SECURITY,

　　　　　　　　　Defendant.

Case No. 3:21-cv-05807-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her

applications for disability insurance ("DIB") and supplemental security income ("SSI")

benefits.

The parties have consented to have this matter heard by the undersigned

Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

MJR 13.

## I.     ISSUES FOR REVIEW

1) Did the ALJ properly evaluate Plaintiff's severe impairments at step two?

2) Did the ALJ properly evaluate Plaintiff's subjective symptom testimony?

## II. BACKGROUND

On June 24, 2019, Plaintiff filed applications for DIB and SSI, alleging in both

applications a disability onset date of July 15, 2015. Administrative Record ("AR") 836,

843. Plaintiff's application was denied upon official review and upon reconsideration. AR

630, 649, 668, 686. A hearing was held before Administrative Law Judge ("ALJ")

Christel Ambuehl on June 10, 2021. AR 584–629. On June 22, 2021, the ALJ issued a

decision finding that Plaintiff was not disabled. AR 17–39. On September 9, 2021, the

Social Security Appeals Council denied Plaintiff's request for review. AR 1–7.

Plaintiff seeks judicial review of the ALJ's decision. Dkt. 4.

### III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of Social Security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874

F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v.*

*Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV. DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable

impairments of obesity, neuropathy, fibromyalgia, carpal tunnel syndrome status post-

release, left cubital tunnel syndrome, major depressive disorder, generalized anxiety

disorder, and attention deficit hyperactivity disorder. AR 23. Based on the limitations

stemming from these impairments, the ALJ found that Plaintiff could perform a reduced

range of light work. AR 26. Relying on vocational expert ("VE") testimony, the ALJ found

at step four that Plaintiff could not perform her past relevant work, but could perform

other light, unskilled jobs at step five of the sequential evaluation; therefore, the ALJ

determined at step five that Plaintiff was not disabled. AR 32–33.

A. Whether the ALJ Properly Evaluated Plaintiff's Severe Impairments

Plaintiff assigns error to the ALJ's evaluation of her severe impairments at step

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

1    two of the sequential evaluation—specifically, the ALJ's finding that her knee pain was

2    not a severe impairment. Dkt. 9, pp. 2–7.

3         At step two, the "medical severity" of a claimant's impairments is considered.  20

4    C.F.R. § 404.1520(a)(4)(ii), § 416.920(a)(4)(ii). An impairment is not considered to be

5    "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do

6    basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); Social Security Ruling

7    ("SSR") 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and

8    aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.920(c); SSR 85-

9    28, 1985 WL 56856, at *3. The ALJ must consider all limitations and restrictions when

10    formulating the RFC, even those stemming from impairments that are not "severe*." See*

11    *Buck v. Berryhill*, 869 F.3d at 1049; 20 C.F.R. § 404.1520(e). A plaintiff has the burden

12    to show (1) they have a medically determinable impairment or combination of

13    impairments; (2) the impairment or combination of impairments is severe; and (3) the

14    impairment lasted at least 12 months. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987);

15    20 C.F.R. § 404.1520(c), 416.920(c).

16         The step two inquiry is a *de minimis* screening device used to dispose of

17    groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The Ninth

18    Circuit recently emphasized in *Buck v. Berryhill* that this inquiry "is not meant to identify

19    the impairments that should be taken into account when determining the RFC." 869

20    F.3d at 1048–49 (rejecting claim that ALJ erred after second hearing, where ALJ found

21    new severe impairments but did not change RFC). The court noted that an ALJ

22    assessing a claimant's RFC before steps four and five "must consider limitations and

23    restrictions imposed by all of an individual's impairments, even those that are not

24

25

1   'severe.'" *Id.* at 1049 (citing Titles II & XVI: Assessing Residual Functional Capacity in

2   Initial Claims, SSR 96-8p, 1996 WL 374184, at *5).

3          Thus, the RFC "should be exactly the same regardless of whether certain

4   impairments are considered 'severe' or not" at step two. *Id.* In *Buck,* the Ninth Circuit

5   concluded that because the ALJ decided step two in the claimant's favor and was

6   required to consider all impairments in the RFC, whether "severe" or not, "[a]ny alleged

7   error is therefore harmless and cannot be the basis for a remand." 869 F.3d at 1049

8   (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

9          The same is true here. Because the ALJ decided step two in plaintiff's favor, the

10   ALJ was required to consider evidence of any and all impairments, severe or not, in

11   assessing plaintiff's RFC.

12          Some courts have distinguished *Buck* on the basis that the ALJ's RFC analysis

13   showed that the ALJ did not consider certain impairments in the RFC after finding them

14   non-severe at step two. *See Mercado v. Berryhill*, No. 16-CV-04200-BLF, 2017 WL

15   4029222, at *6 (N.D. Cal. Sept. 13, 2017); *Winkle v. Berryhill*, No. C17-1633 TSZ, 2018

16   WL 5669018, at *2 (W.D. Wash. Nov. 1, 2018). Here, the ALJ's decision shows she

17   considered plaintiff's knee issues in the RFC assessment. AR 26–29. In particular, the

18   ALJ considered Plaintiff's own testimony that this condition caused functional limitations.

19   *Id.* Accordingly, to the extent plaintiff contends that the ALJ erred in failing to incorporate

20   these impairments in his RFC, her argument is addressed below.

21          <u>B. Whether the ALJ Properly Evaluated Plaintiff's Subjective Testimony</u>

22          Plaintiff avers that the ALJ harmfully erred in the evaluation of her subjective

23   symptom testimony. Dkt. 9, pp. 7–12.

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

1    To reject a claimant's subjective complaints, the ALJ's decision must provide

2    "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.

3    1995) (citation omitted).  The ALJ "must identify what testimony is not credible and what

4    evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915,

5    918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the

6    ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."

7    *Lester*, 81 F.2d at 834. "[B]ecause subjective descriptions may indicate more severe

8    limitations or restrictions than can be shown by medical evidence alone," the ALJ may

9    not discredit a subjective description "solely because it is not substantiated affirmatively

10   by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th

11   Cir. 2006).

12   Plaintiff completed a function report on August 31, 2019 (AR 909) and reported

13   almost constant body and joint pain and "fibro-fog" which interfered with memory and

14   concentration. AR 914, 917. In addition, she alleged that she could not sit or stand for

15   long periods of time and got worn out from walking even short distances. AR 917. On a

16   good day, she estimated that she could lift 20 pounds, but on other days, she was not

17   able to lift without dropping things. AR 922. It could take her two hours to get out of bed

18   on a bad day. AR 909. There were many days that she was too exhausted and in too

19   much pain to make dinner or do household chores. AR 911–12, 917. While she

20   volunteered at a friend's horse barn to stay active, she was only able to do so for a few

21   hours at a time and could not go there every day; even a few hours of work would leave

22   her exhausted. AR 918.

23

24

25

1        At the hearing, Plaintiff stated that fibromyalgia and neuropathy caused muscle

2   weakness, shooting pains, and fatigue, and that her hands were weak despite having

3   had a carpal tunnel release surgery. AR 597, 600, 605–06. While she had been advised

4   to lose weight to mitigate knee and back issues, she testified that her insurance would

5   not cover any treatment and could not walk more than one city block without needing a

6   break. AR 607. She estimated that she could stand in one place for only 20 minutes and

7   sit for only 10. *Id.*

8        The ALJ reasoned that Plaintiff's complaints were inconsistent with (1) the

9   objective medical evidence. (2) Plaintiff's improvement with treatment, and (3) Plaintiff's

10   activities of daily living. AR 27.

11        With respect to the ALJ's first reason, an inconsistency with the objective

12   evidence may serve as a clear and convincing reason for discounting a claimant's

13   testimony. *Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir.

14   1998). But an ALJ's decision may not reject a claimant's subjective symptom testimony

15   "solely because the degree of pain alleged is not supported by objective medical

16   evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995); *Byrnes v. Shalala*, 60

17   F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than

18   pain).

19        Here, the medical evidence identified in the ALJ's decision as inconsistent with

20   Plaintiff's symptom testimony included Plaintiff's mostly normal physical exam results,

21   which showed Plaintiff with 5/5 strength in her upper extremities, normal sensation, and

22   no swelling, atrophy, or erythema. AR 27 (citing AR 1022–23). In other exams, the ALJ

23   noted Plaintiff's decreased sensation in her forearms and bilateral lower extremities and

24

25

1  "patchy decreased pinprick sensation in her hands, arms, feet and legs bilaterally," but

2  that other results remained normal. AR 27–28 (citing AR 1005, 1012–13, 1057, 1600).

3        This reasoning does not account for the nature of fibromyalgia, which is

4  characterized by an "absence of symptoms that a lay person may ordinarily associate

5  with joint and muscle pain." *Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001)

6  (Ferguson, J., dissenting) (quoting Muhammad B. Yunus, "Fibromyalgia Syndrome:

7  Blueprint for a Reliable Diagnosis," *Consultant*, June 1996, at 1260). The condition is

8  diagnosed "entirely on the basis of the patient's reports of pain and other symptoms."

9  *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). "[T]here are no laboratory tests

10  to confirm the diagnosis." *Id.* SSR 12-2p recognizes the symptoms of fibromyalgia "wax

11  and wane," and that a person may have "bad days and good days." SSR 12-2p, 2012

12  WL 3104869, at *6.

13        Thus, the fact there were normal findings in some—but not all—objective

14  physical exams does not contradict Plaintiff's statements regarding the effects of her

15  fibromyalgia. Similarly, the ALJ's citation to a medical examination by Shirley R. Deem,

16  M.D., is insufficient to contradict Plaintiff's testimony, as Dr. Deem did not take note of

17  Plaintiff's fibromyalgia diagnosis or the effects of that condition on Plaintiff's abilities.

18  *See* AR 28 (citing AR 1435–39).

19        With respect to the ALJ's second reason, "evidence of medical treatment

20  successfully relieving symptoms can undermine a claim of disability." *Wellington v.*

21  *Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). Here, the ALJ cited Plaintiff's testimony that

22  her medications helped "pretty well" and a statement to her medical provider that her

23  symptoms were "better with Lyrica," a pain medication. AR 28 (citing AR 599, 1684).

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

The ALJ also found that, contrary to Plaintiff's testimony, her left ulnar decompression and bilateral carpal tunnel release surgeries were helpful, and findings after these procedures were "mostly intact." AR 28 (citing AR 1057, 1059–60, 1072–74, 1302–04).

In referring to Plaintiff's exam results as "mostly intact," the ALJ omitted evidence in these exams that did not support her findings. In one such exam, Plaintiff's doctor noted that Plaintiff's light touch sensation was "decreased throughout [her] entire hands [bilaterally]." AR 1303. In addition, the ALJ did not address Plaintiff's testimony indicating that Lyrica was diminishing in its effectiveness and she could not be prescribed a higher dose due to insurance issues. AR 599. To the extent the ALJ's finding was based on a selective summary of the medical evidence that supported one conclusion while omitting evidence that did not support such a conclusion, the ALJ erred. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (ALJ may not "cherry-pick[ ]" items from treatment record without considering them in context of "diagnoses and observations of impairment").

With respect to the ALJ's third reason, a claimant's participation in everyday activities, indicating capacities that are *transferable to a work setting*, may constitute grounds for an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (emphasis added). Yet, disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits)).

1    Here, the ALJ principally relied upon Plaintiff's activities related to "the care and

2    training of horses" for one to three hours per day, seven days a week, including "helping

3    an older gentleman at the barn[,]" washing horses, and assisting with lessons and

4    instructions in "brushing horses verbally," watering horses, haltering horses, and training

5    the horses to walk with a halter. AR 28, 30.

6    In addition, the ALJ noted that Plaintiff "can prepare meals, help get her children

7    off to school, shop in stores, [and] clean and do laundry." AR 30 (citing AR 610–11).

8    The ALJ did not explain in any detail what abilities these activities evinced, or how they

9    contradicted Plaintiff's testimony.

10    There is no indication whether, for example, instructing others on haltering

11    horses or "assisting an older gentleman" required any level of endurance beyond that

12    which Plaintiff claimed to have, or whether Plaintiff herself was assisted in these tasks.

13    See e.g., AR 617-620 (plaintiff describes activities with horses). Without more, Plaintiff's

14    activities are not a clear and convincing reason supporting an adverse credibility

15    determination. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home

16    activities are not easily transferable to what may be the more grueling environment of

17    the workplace, where it might be impossible to periodically rest or take medication.").

18    C. Harmless Error

19    An error is harmless only if it is not prejudicial to the claimant or "inconsequential"

20    to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*,

21    454 F.3d 1050, 1055 (9th Cir. 2006).

22    Here, the ALJ improperly discounted Plaintiff's subjective complaints in the

23    hypothetical to the Vocational Expert, and in making a residual functional capacity

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 9

("RFC") assessment. AR 26-27, 622-625.This RFC informed the ALJ's conclusion that Plaintiff was not disabled. Because the erroneous adverse credibility determination was of consequence to the ultimate determination of disability, the error was harmful.

### D. Remand With Instructions for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

Remand for additional proceedings is the appropriate remedy here. The ALJ erred in failing to provide specific reasons for rejecting Plaintiff's testimony regarding the severity of her symptoms. This case is remanded to the Social Security Administration for further administrative proceedings, and the ALJ is directed to re-evaluate Plaintiff's statements about symptoms and take additional evidence and testimony as necessary.

### CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she determined plaintiff to be not disabled.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 3rd day of June, 2022.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge